**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDER GARCIA-DIAZ, | No. 19-73096 |
| Petitioner, | Agency No. A205-385-710 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before: CANBY, TASHIMA, and MILLER, Circuit Judges.

Eder Garcia-Diaz, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review de novo claims of due process violations in immigration proceedings.  *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).  We deny the petition for review.

Garcia-Diaz's challenges to the BIA's streamlining procedure fail.  *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-52 (9th Cir. 2003) (BIA's streamlined decision did not violate due process); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence supports the agency's determination that Garcia-Diaz failed to establish the harm he experienced or fears was or would be on account of a protected ground.  *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution on account of a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Garcia-Diaz's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Garcia-Diaz failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See*

*Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**